# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| THE PRIVATE TRUST COMPANY, ) <br> N.A., AS TRUSTEE OF THE ) <br> MARLENE MCLEOD REVOCABLE ) <br> TRUST DATED APRIL 30, 2008 AS ) <br> AMENDED OCTOBER 30, 2018, ) <br> 1422 Euclid Ave., Ste. 1130 ) <br> Cleveland, Ohio 44115 ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> MICHELE PAQUIN ) <br> 120 NE 14th Ave. ) <br> Ocala, FL 34470 ) <br>  ) <br> and ) <br>  ) <br> JORDAN JOHNSON ) <br> 822 SE 23rd St. ) <br> Ocala, FL 34471 ) <br>  ) <br> and ) <br>  ) <br> JUSTIN JOHNSON ) <br> 4254 NE 29th Place ) <br> Ocala, FL 34470 ) <br>  ) <br> and ) <br>  ) <br> JOEL JOHNSON ) <br> 3779 Greensburg Pike ) <br> Pittsburgh, PA 15221 ) <br>  ) <br> and ) <br>  ) <br> JARED JOHNSON ) <br> 4700 SE 58th Place ) <br> Ocala, FL 34480 ) <br>  ) | CASE NO.: <br><br> JUDGE <br><br><br><br> **COMPLAINT** |

1

|  |  |
|---|---|
| and | ) |
|  | ) |
| KAREN THOMPSON | ) |
| 9323 SW 8th Ave. | ) |
| Gainesville, FL 32607 | ) |
|  | ) |
| and | ) |
|  | ) |
| STEVE CARLSON | ) |
| 12424 NW CR 231 | ) |
| Gainesville, FL 32609 | ) |
|  | ) |
| and | ) |
|  | ) |
| ALLISON CAMPBELL | ) |
| 1821 SE 34th Lane | ) |
| Ocala, FL 34471 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

Plaintiff, The Private Trust Company, N.A., as Trustee of the Marlene McLeod Revocable Trust dated April 30, 2008, as amended October 30, 2018 (the "PTC" or "Plaintiff"), by and through its counsel, hereby alleges and states for its Complaint for Interpleader against Defendants as follows:

**PARTIES**

1. Plaintiff is a national banking association with its headquarters in Cleveland, Ohio and transacts business in Cleveland, Ohio as is relevant to this matter.

2. Plaintiff is currently serving as Trustee of the Marlene McLeod Revocable Trust dated April 30, 2008, as amended October 30, 2018 (the "McLeod Trust"). A true and accurate copy of the McLeod Trust is attached and incorporated hereto as **Exhibit 1**.

3. Defendant Michele Paquin ("Michele") is an individual residing in Marion County, Florida.

2

4. Michele is the daughter of the Decedent, Marlene McLeod ("Decedent"), who died on July 20, 2021. At the time of her death, Decedent was a resident of Marion County, Florida.

5. Defendant Jordan Johnson ("Jordan") is an individual residing in Marion County, Florida. Jordan is Michele's adult son and a grandson of Decedent.

6. Defendant Justin Johnson ("Justin") is an individual residing in Marion County, Florida. Justin is Michele's adult son and a grandson of Decedent.

7. Defendant Joel Johnson ("Joel") is an individual residing in Allegheny County, Pennsylvania. Joel is Michele's adult son and a grandson of Decedent.

8. Defendant Jared Johnson ("Jared") is an individual residing in Marion County, Florida. Jared is Michele's adult son and a grandson of Decedent.

9. For purposes of clarity, Jordan, Justin, Joel and Jared will be collectively referred to as the "Johnsons".

10. Defendant Karen Thompson ("Karen") is a resident of Alachua County, Florida and a member of the trust committee for the McLeod Trust.

11. Defendant Steve Carlson ("Steve") is a resident of Alachua County, Florida and a member of the trust committee for the McLeod Trust.

12. Defendant Allison Campbell ("Allison") is a resident of Marion County, Florida and a member of the trust committee for the McLeod Trust.

13. For purposes of clarity, Karen, Steve, and Allison will be collectively referred to as the "Trust Committee".

## JURISDICTION AND VENUE

14. This Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. Alternatively, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1335 because this is an action for interpleader involving an amount of $500 or more in which there are two or more diverse claimants of diverse citizenship.

16. Further, this Court has subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 22, which provides the procedural framework for this case.

17. The United States District Court of the Northern District of Ohio has or will have personal jurisdiction over all claimants/Defendants because each claimant/Defendant has sufficient minimum contact with this district, and because a substantial part of the property that is the subject of this action is located and controlled in this district.

18. Further, pursuant to the McLeod Trust, Ohio is the sole forum for any trust administration dispute. Specifically, the McLeod Trust's administration "***shall* be governed, construed and interpreted in accordance with the statutes and case law of the State of Ohio**, as they shall from time to time be currently in effect without regard to its conflict of law principles, **which state *shall* be the appropriate venue for any action brought hereunder."** (emphasis added.) *See* Exhibit A to the McLeod Trust, Article V, Paragraph B (the "Forum Selection Clause").

## FACTUAL BACKGROUND

19. Plaintiff incorporates paragraphs 1 through 18 of this Complaint as if fully restated herein.

20. Pursuant to the Article IV, Paragraph 1 of the McLeod Trust, the Plaintiff is required to "commence distributions of an amount equal to" to one-tenth of the McLeod Trust assets on the first anniversary of Decedent's death.

21. Upon determining the one-tenth value of McLeod Trust assets, the Plaintiff provides this information to the Trust Committee. *Id.*

22. Then, the Trust Committee is to "direct the [Plaintiff] to make the distributions in the amounts and to the beneficiary as determined by the [Trust] [C]ommittee." *Id.*

23. Per the terms of the McLeod Trust, "Christian organizations such as Billy Graham Ministry, Bible distribution organizations such as Wycliffe Association and Legal Aid Organizations who represent Christians being persecuted in any country," are the permissible beneficiaries. *Id.*

24. Defendants, Paquin and the Johnsons, have undertaken efforts to prevent the Plaintiff from complying with the Decedent's wishes as outlined in the McLeod Trust.

25. Specifically, on or about May 27, 2022, Defendants, Paquin and the Johnsons, filed a state court action in Florida attempting, in part, to enjoin the Plaintiff from complying with the terms of the McLeod Trust. See *Michele Paquin, et al. v. Andrew Campbell, et al.*, Marion County Case No. 22CA001062AX (the "Florida Lawsuit").

26. The Florida Lawsuit alleges non-parties, LPL Financial, LLC ("LPL") and Andrew Campbell ("Andrew"), tortiously interfered with Defendants, Paquin's and the Johnsons', expectation of inheritance, negligence, amongst other claims.

27. No allegations of wrongdoing are advanced against the Plaintiff in the Florida Lawsuit.

28. In that the Florida court lacks personal jurisdiction over the Plaintiff, and because per the terms of the McLeod Trust, Ohio is the mandated forum, Plaintiff filed a Motion to Dismiss the Florida Lawsuit, which currently remains pending.

29. Yet, this notwithstanding, in the Florida Lawsuit, Defendants Paquin and the Johnsons have separately filed a Motion for Preliminary Injunction in Florida to enjoin the Plaintiff from complying with the terms of the McLeod Trust.

30. While Plaintiff opposes Defendants Paquin and the Johnsons' Motion for Preliminary Injunction, in part, on the basis of standing and jurisdiction, Plaintiff is now forced to file this action so this Court, the one with proper jurisdiction, can determine the rightful recipient of the forthcoming one-tenth distribution of McLeod Trust assets.

31. There is thus now an issue in controversy over who is entitled to possess the one-tenth distribution, which as of the filing of this Complaint is $424,147.20 (the "Disputed Funds"), although such amount is subject to a potential increase depending on whether Defendant Paquin, in her capacity as Personal Representative of the Estate of Decedent, complies with Florida law and her fiduciary duty to provide an inventory of the Estate's assets, collect such assets, and distribute such assets to the Trust as the sole residual beneficiary of the Estate, or is removed as Personal Representative. See *In Re: Estate of Marlene McLeod, Deceased*, Marion County Case No. 42-2021-CP-2195.

**COUNT 1 - INTERPLEADER**

32. Plaintiff incorporates paragraphs 1 through 31 of this Complaint as if fully restated herein.

33. As Trustee of the McLeod Trust, Plaintiff controls the Disputed Funds.

34. After diligent investigation and inquiry, Plaintiff, as Trustee of the McLeod Trust, cannot determine whether Defendants, Paquin and the Johnsons, are entitled to receive some or all of the forthcoming one-tenth distribution of the McLeod Trust assets (i.e., the Disputed Funds).

35. Other than being the Trustee of the McLeod Trust, with a mandate and fiduciary duty to comply with Decedent's wishes as expressed in the terms of the McLeod Trust, the Plaintiff claims no personal interest in the forthcoming one-tenth distribution of the McLeod Trust.

36. Plaintiff, as Trustee of the McLeod Trust, has a real and reasonable fear of liability or vexatious, conflicting claims directed against the forthcoming one-tenth distribution and is not in the position to safely determine which party's claim (including the non-party and undetermined recipients) to the Disputed Funds is meritorious without great hazard and possible multiple liabilities.

37. Under the provisions of Federal Rules of Civil Procedure, Rule 22, Plaintiff, as Trustee of the McLeod Trust, is entitled to join all persons asserting claims against the Disputed Funds in a single proceeding so Plaintiff, as Trustee of the McLeod Trust, may avoid duplicative litigation and the possibility of multiple or inconsistent liability on the conflicting and adverse claims of Defendants.

**WHEREFORE**, Plaintiff requests that this Court issue an order:

1. That the Plaintiff deposit the Disputed Funds of the McLeod Trust assets with this Court for determination of entitlement, if any, among the Defendants;

2. Defendants be required to interplead and assert in this proceeding and settle among themselves any and all claims which each or any of them have to or to direct the Disputed Funds and Plaintiff, as Trustee of the McLeod Trust, be discharged from all liability relating to such

benefits except to the party or parties whom the Court shall judge entitled to or to direct the Disputed Funds and then only to the extent of the Disputed Funds deposited by Plaintiff;

3. Defendants, and each of them, be permanently restrained from commencing any current or future actions for the recovery of the Disputed Funds or any part thereof, or any current or future claimed damages related thereto, as against Plaintiff, as Trustee of the McLeod Trust;

4. Defendants, and each of them, be permanently restrained from instituting or prosecuting any proceeding in any state or United States court affecting the Disputed Funds until further order of this Court;

5. Plaintiff, as Trustee of the McLeod Trust, be dismissed from this lawsuit and the Florida Lawsuit and discharged from any and all liability regarding the Disputed Funds and its administration of the McLeod Trust;

6. Plaintiff, as Trustee of the McLeod Trust, recover out of the Disputed Funds its costs and attorneys' fees incurred in this action and all actions connected to the Disputed Funds; and,

7. Awarding such other relief as the Court may deem just and equitable.

**Dated: June 29, 2022**

Respectfully submitted,

*/s/ Mark M. Mikhaiel*
Mark M. Mikhaiel, Esq. (#0091656)
SCHNEIDER SMELTZ SPIETH BELL LLP
1375 E. Ninth Street, Suite 900
Cleveland, Ohio 44114
(216) 696-4200
(216) 696-7303 (fax)
mmikhaiel@sssb-law.com

***Counsel for Plaintiff The Private Trust Company, Trustee of the McLeod Trust***

4872-8519-7095, v. 1